**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4057**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JEREMIAH DAVID VENNING,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:10-cr-00892-DCN-1)

Submitted: October 5, 2012        Decided: October 22, 2012

Before WILKINSON and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Ann Briks Walsh, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremiah David Venning seeks to appeal his conviction and sentence for possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Venning pleaded guilty pursuant to a plea agreement and was sentenced to thirty-six months' imprisonment. On appeal, counsel for Venning filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but questioning whether Venning's guilty plea hearing complied with Fed. R. Crim. P. 11; whether Venning's waiver of his appellate rights was valid; and whether the denial of Venning's motion to suppress was a miscarriage of justice. The Government has moved to dismiss the appeal as barred by Venning's waiver of the right to appeal included in the plea agreement. Venning has not filed a supplemental pro se brief, despite an extension of time within which to do so.

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Venning knowingly and voluntarily waived his right to appeal his conviction and sentence. Accordingly, because Venning knowingly and voluntarily entered into the waiver and the Government now seeks to enforce it, we grant the motion to dismiss in part and dismiss Venning's appeal as to his challenge to the denial of his motion to suppress, as it is clearly within the waiver's

2

scope. As to the remaining issues raised in the <u>Anders</u> brief, we find them without merit, and affirm. Finally, we have reviewed the entire record in accordance with <u>Anders</u> and have found no meritorious issues for appeal outside the scope of the waiver. We therefore affirm the district court's judgment as to all issues not encompassed by Venning's valid waiver of appellate rights.

This court requires that counsel inform Venning, in writing, of the right to petition the Supreme Court of the United States for further review. If Venning requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Venning.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>
